IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:06-CR-35-1H
NO. 4:10-CV-40-H

| | | |
|---|---|---|
| COYT BRYANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court pursuant to Rule 4 of the Rules Governing Section 2255 Cases ("Rule 4") for examination of petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. On May 8, 2007, Petitioner pled guilty, without a plea agreement, to one count of being felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924. On December 4, 2007, petitioner was sentenced to a term of imprisonment of 195 months. His conviction and sentence were confirmed on appeal. United States v. Bryant, No. 08-4031, 329 Fed. Appx. 435 (2009). In November 2009, petitioner filed a pro se petition for writ of certiorari to the United States Supreme Court, which was denied

on February 22, 2010.  Bryant v. United States, 130 S.Ct. 1541 (2010).  Now before the court is petitioner's § 2255 motion.

## COURT'S DISCUSSION

Petitioner alleges the following claims for relief: (1) that his counsel was ineffective by (a) failing to adequately investigate and research movant's case prior to advising him to plead guilty (b) failing to properly negotiate a plea agreement and failing to adequately advise petitioner relating to his plea and sentence exposure; (c) failing to object and preserve for appellate review petitioner's improper classification as an armed career criminal; (2) petitioner's guilty plea was not voluntarily and knowingly entered; and (3) appellate counsel was ineffective in failing to raise certain claims on appeal and by failing to file a writ of certiorari as requested by petitioner.

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984).  First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance.  Id. at 687-91.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689.  Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors,

2

the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

At the heart of each of the claims in petitioner's motion is the court's classification of petitioner as an Armed Career Criminal. All of his claims are without merit. The PSR reflects that petitioner's counsel did in fact directly object to petitioner's classification as an armed career criminal and specifically contested the predicate offense of attempted burglary which petitioner believes was wrongly counted. Additionally, it appears that petitioner was well aware that his sentence would be a minimum of 15 years. In a letter to the court from petitioner dated October 25, 2007, petitioner notes that his attorney "is now telling me I'm going to get 15 years." In a June 12, 2007, letter to petitioner from his attorney that petitioner forwarded to the court, counsel tells petitioner that if he is an armed career criminal he will be subject to the minimum 15 year penalty, although they will argue against it. Simply because petitioner is dissatisfied with the sentence he received does not show that his counsel was ineffective. Courts must make "every effort . . . to eliminate the distorting effects of hindsight," Strickland, 466 U.S. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of

3

the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

A review of the PSR also reveals that petitioner's guideline range would have been the same even if he were not classified as an armed career criminal. Therefore, petitioner cannot show any prejudice regarding any action his counsel may or may not have taken in regard to his classification as an armed career criminal.

Having reviewed each of petitioner's claims and the record carefully, the court finds that petitioner has not shown deficient performance by his counsel, either at the trial or appellate level, and cannot show any prejudice, inasmuch as petitioner's guideline range would have been the same even if he were not classified as an armed career criminal. Therefore, petitioner's motion is dismissed.

4

## CONCLUSION

As it plainly appears from the motion and the record of prior proceedings that the petitioner is not entitled to relief, petitioner's § 2255 motion is hereby DISMISSED. Finding no substantial issue for appeal concerning the denial of a constitutional right, a certificate of appealability is not issued. The clerk is directed to close this case.

This 14th day of December 2010.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26